```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

```
WILBER JAMES WHALEN            *
                               *
v.                             *
                               *   Civil Action No. WMN-09-2473
DONEGAL MUTUAL INSURANCE       *
COMPANY                        *
                               *
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**<u>MEMORANDUM</u>**

This action arises out of an insurance claim for damage caused by a house fire that occurred on August 17, 2006. Plaintiff filed this action in the Circuit Court for Cecil County on August 17, 2009. Defendant removed the action to this Court and, on November 4, 2009, filed a motion for summary judgment. Paper Nos. 12, 13.

In the summary judgment motion, which was supported by competent evidence and affidavit, Defendant demonstrated that it fully paid the amounts due under the insurance contract for the reconstruction of Plaintiff's home and for Plaintiff's personal property lost in the fire. As for the "loss of use" coverage, the record shows that, despite repeated requests for documentation of any additional living expense claims, Plaintiff submitted nothing. In sum, the materials submitted with Defendant's motion establishes that Defendant has paid all

amounts claimed and documented under all applicable coverage provisions in the insurance contract with Plaintiff.

Any opposition to the motion for summary judgment was due on or before November 23, 2009.  Before that deadline expired, on November 19, 2009, the Court held a status conference with counsel.  In that conference, the attorney that filed Plaintiff's action in the state court represented that he would be entering his appearance on Plaintiff's behalf in this Court and would be filing a timely response to the motion for summary judgment.  Nevertheless, the deadline for filing the opposition passed several weeks ago and the motion remains unopposed.  On December 2, 2009, Defendant's counsel sent a letter to the Court requesting that the Court rule on the unopposed motion.  Despite the fact that Plaintiff's counsel was copied on this letter, the Court has received nothing in response from Plaintiff.

Finding, under the record before the Court, that there is no genuine issue as to any material fact, and that Defendant is plainly entitled to judgment in its favor as a matter of law, the Court must grant Defendant's motion. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (holding that, once the moving party has met its burden under Rule 56, the nonmoving party must come forward with specific facts showing that there is a genuine

2

issue for trial).  A separate order granting the motion will issue.

                              _____/s/_____
                              William M. Nickerson
                              Senior United States District Judge

DATED:  December 15, 2009